UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENAE JANSSEN,

        Plaintiff,

v.

        Case No. 14-cv-12453
        Honorable Gershwin A. Drain

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [#12], ACCEPTING REPORT AND RECOMMENDATION [#11], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#10], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#9], AND AFFIRMING THE COMMISIONER'S DECISION**

**I. INTRODUCTION**

Renae Janssen ("Janssen" or "Plaintiff") brought this action against the Commissioner of Social Security ("the Commissioner" or "Defendant") pursuant to 42 U.S.C. § 405(g) on June 23, 2014. *See* Dkt. No. 1. In the Complaint, Janssen challenged the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). *Id.* This Court referred the matter to Magistrate Judge David R. Grand on June 24, 2014. *See* Dkt. No. 2.

Janssen filed a Motion for Summary Judgment on October 14, 2014. *See* Dkt. No. 9. On November 14, 2014, the Commissioner also filed a Motion for Summary Judgment. *See* Dkt. No. 10. On March 23, 2015, Magistrate Judge Grand found that substantial evidence supported the Administrative Law Judge's ("ALJ") conclusion, and that Janssen was not disabled under the

Act. *See* Dkt. No. 11. Magistrate Judge Grand recommended that the Commissioner's Motion for Summary Judgment [#10] be granted, Janssen's Motion for Summary Judgment [#9] be denied, and that, pursuant to sentence four of 42 U.S.C. §405(g), the ALJ's decision be affirmed.

On March 30, 2015, Janssen submitted a "Response to Report and Recommendation," which appeared to advance three objections to the Magistrate Judge Grand's Report and Recommendation. *See* Dkt. No. 12. The Commissioner failed to file a Response to Janssen's "Response to Report and Recommendation." Nonetheless, after reviewing Janssen's "Response to Report and Recommendation," the Court will **OVERRULE** the objections in Janssen's Response [#12], and **ACCEPT** Magistrate Judge Grand's Report and Recommendation [#11].

## II. DISCUSSION

### A. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.,* 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether the ALJ's findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.,* 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).

"If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.,* 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers,* 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute. *See Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court[.]" *Carter v. Comm'r of Soc. Sec.*, No. 13-12745, 2014 WL 6750310, at *6-7 (E.D. Mich. Dec. 1, 2014) (citing *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991), for the proposition that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

**B. LEGAL ANALYSIS**

Janssen appears to advance three arguments in her "Response to Report and Recommendation." However, only one of Janssen's arguments can reasonably be construed as an objection to Magistrate Judge Grand's Report and Recommendation. The Court will not conduct a *de novo* review of Janssen's first and last arguments because the arguments fail to address the findings of the Magistrate Judge and merely reiterate arguments previously presented by Janssen. *See* Dkt. No. 12 at ¶¶ 2, 4. However, because Janssen's second argument actually addresses the findings of the Magistrate Judge, it will receive a *de novo* review. *See id*. at ¶ 3.

> **1. Janssen's first and last arguments are general objections that do not warrant a *de novo* Review. The Court finds that Magistrate Judge Grand reached the correct conclusion.**

Janssen's first and last arguments simply reiterate arguments made in Janssen's Motion for Summary Judgment. *Compare* Dkt. No. 12. at ¶ 2 (quoting (Tr. 24) to contend: "In assessing the credibility of the majority of Jansen's [sic] treating physicians, the ALJ improperly dismisses their opinions with the blanket assertion that most of the opinions are 'inconsistent with the evidence of record as a whole.'"), *and id.* at ¶ 4 (quoting (Tr. 25) in order to "object to the use of the ALJ's hypothetical and the ALJ's claim that Janssen was found not disabled based on the Vocational Expert's testimony, as the hypothetical has no substantial evidentiary basis in the record."), *with* Dkt. No. 9 at 6 ("The Commissioner erred as a matter of law in assessing Renae Janssen's credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray Renae Janssen's impairments.").

Janssen's first and last arguments were squarely addressed by Magistrate Judge Grand's Report and Recommendation. *See* Dkt. No. 11 at 9-14 (addressing Janssen's credibility argument by stating that "the ALJ reasonably discounted Janssen's allegations of disabling limitations

because they were inconsistent with the objective medical evidence and the record as a whole," and noting that "Janssen ignores the reasons articulated by the ALJ for finding her less than fully credible, and she does not cite to any medical evidence that the ALJ failed to properly consider."); *id.* at 14-15 (addressing Janssen's argument regarding the adequacy of the hypothetical by noting that the ALJ was only required to pose hypothetical limitations he found credible, and pointing out that Janssen failed to point to any evidence supporting her contention that the hypothetical should have included a requirement that she be off task more than 20% of the time and/or absent from work two or more days per month).

Critically, Janssen does not point out any flaws or fault in Magistrate Judge Grand's Report and Recommendation. Instead, she simply contends that the Report and Recommendation should be disregarded without explaining why. *See id.* at 4. This being the case, the Court finds that Janssen's first and last arguments "merely reiterate[] arguments previously presented, [do] not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court[.]" *Carter v. Comm'r of Soc. Sec.*, 2014 WL 6750310, at *6-7 (citing *Howard,* 932 F.2d at 509).

Consequently, the Court finds that Janssen's first and last arguments are not specific objections entitled to a *de novo* review. *See Mira v,* 806 F.2d at 637; *Howard.,* 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). Instead, the Court finds that Magistrate Judge Grand put forth a sound and correct analysis as a matter of law—an analysis for which this Court finds no serious error,[1] and notably, an analysis for which Janssen points out no error.

---

[1] The Court notes that the Magistrate Judge mistakenly referred to the Plaintiff as Renae "Johnson" four times in the Procedural History section of the Report and Recommendation. *See* Dkt. No. 11 at 1-2. Nevertheless, Plaintiff was correctly referred to by her proper name—Renae Janssen—throughout the rest of the Report and Recommendation. Importantly, the legal analysis properly evaluated the facts and the law to reach the correct conclusion.

### 2. Janssen's second argument addresses a finding of Magistrate Judge Grand, but the objection is undeveloped, conclusory, and insufficient.

Janssen does put forth one objection that addresses Magistrate Judge Grand's findings. However, the objection is wholly insufficient. This Court has previously sanctioned the attorney who wrote Janssen's Summary Judgment Motion for "his apparent continued disregard of his duties to his client and to this tribunal." *Servantes v. Comm'r of Soc. Sec.*, No. 14-CV-10250, 2015 WL 870255, at *1 (E.D. Mich. Feb. 27, 2015). This Court noted that the Motion filed in *Servantes* "was woefully inadequate" and "supported by conclusory, undeveloped legal and factual arguments." *Id.* Similarly, Magistrate Grand made the same finding with respect to the Motion for Summary Judgment filed in this case. *See* Dkt. No. 11 at 7-8.

If counsel for Janssen does not understand how Janssen's "Response to Report and Recommendation" in this case is insufficient; Janssen's counsel need only look to its objection to Magistrate Judge Grand's waiver finding. When addressing Magistrate Judge Grand's finding of waiver, Janssen simply states: "Plaintiff objects to the assertion that Plaintiff's arguments could be found waived, as Plaintiff's Motion for Summary Judgment is supported by the facts and relevant legal standards." Dkt. No. 12 at ¶ 3. The irony of this objection is not lost on this Court: Janssen's argument against waiver actually constitutes waiver.

Perhaps by reiterating the positions that were taken in Janssen's Motion for Summary Judgment, Janssen's counsel believed he was supporting the contention that the Motion for Summary Judgment was supported by the facts and relevant legal standards. Nevertheless, as discussed above, those same arguments were already addressed and rejected in Magistrate Judge Grand's Report and Recommendation. Janssen does not even attempt to explain a deficiency in Magistrate Judge Grand's finding of waiver. Instead, Janssen simply puts forth a conclusory statement with the hope that it will gain traction with this Court.

This is insufficient. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.,* 692 F.Supp.2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") (internal quotation marks and citations omitted). Accordingly, the Court will **REJECT** Janssen's objection to Magistrate Judge Grand's Report and Recommendation.

## IV. CONCLUSION

For the reasons discussed, the Court **HEREBY OVERRULES** Plaintiff's Objections [#12], **ACCEPTS** Magistrate Judge Grand's Report and Recommendation [#11]; **GRANTS** Defendant's Motion for Summary Judgment [#10]; **DENIES** Plaintiff's Motion for Summary Judgment [#9]; and, pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMS** the Commissioner's Decision.

SO ORDERED.

Dated: April 16, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge